FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 11 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00385-BNB

WAYNE BETHURUM II (REAL PROPERTY),
    Plaintiff,

v.

AGENTS (A.G.) FOR THE STATE OF COLORADO,
13TH JUDICIAL DISTRICT COURT OF YUMA COUNTY OFFICES,
DISTRICT DIRECTOR OF COLORADO (GOVERNOR),
SPECIAL PROCEDURE FUNCTIONS OFFICER,
THE SECRETARY FOR THE STATE OF COLORADO, and
SECRETARY OF THE TREASURY,
    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Wayne Bethurum, is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Bethurum has filed *pro se* a Prisoner Complaint and a number of other documents seeking to invoke the Court's admiralty and maritime jurisdiction in order to challenge the validity of his Colorado state court criminal conviction.

Mr. Bethurum has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the Prisoner Complaint and other documents filed by Mr. Bethurum liberally because he is not represented by an attorney in this action. *See **Haines v. Kerner**,* 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon**,* 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint and other documents reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a ***pro se*** litigant. *See **id.***

Mr. Bethurum asserts three claims for relief in his Prisoner Complaint labeled "Involuntary Servitude/Peonage (Debt. Bondage)," "Fraudulent Concealment," and "Lack of Subject Matter Jurisdiction by Way of Maritime Claim/Contract." (***See** id.* at pp.4-6.) However, rather than asserting any facts in support of these claims in the Prisoner Complaint, Mr. Bethurum instead refers in each claim in the Prisoner Complaint to an "Attached Cause of Action 'C'" that is not actually attached but is included within a separate document filed the same date titled "Complaint, Answer of Verified Complaint of Libel." (***See** Doc. #2 at pp.3-13).

Mr. Bethurum's claims and allegations in the documents he has filed generally are unintelligible. However, construing the filings liberally, it appears that Mr. Bethurum is challenging the validity of his conviction for sexual assault on a child in case number 2000CR11 in the Yuma County District Court. For instance, Mr. Bethurum summarizes his claims as follows:

8. THE respondent/libelants et.al. leins and actions have damaged the petitioner/claimants civil freedoms, liberties, direct family, his property, and rights to property, estate, trusts, his good name and his ability to transfer, sale, and freely use same, therefore, this has caused petitioner/ claimant to be placed into a position of Involuntary Servitude and Peonage, against his will and the laws of the United States of America, the TERRITORIAL STATE of COLORADO and the Law of Nations by the respondent parties named therein.

9. THE respondents/libelants, in this action, 2000CR0011, and in any alternative filing related thereto, have never met the requirements of the 'de-jure' laws of the forum UNITED States of America, the Constitution of the Colorado Territory and or district court subject matter jurisdiction, including the Law of Nations, the Admiralty, in any of their correspondents.

9(i). THE petitioner/claimant, claims that the trial court lacked subject matter jurisdiction to entertain a supposed criminal commencement based upon a lack of evidence. see (1) below:

  (1) The existence of any maritime contract entered and signed between the petitioner and the PEOPLE OF THE STATE OF COLORADO for the violation of any municipal ordinance, statute therein.

and that this commencement established a judicial/executive lein improperly imposed upon the claimant of this action.

10. THE petitioner/claimants, direct family is without remedy to vacate, remove, or replevin any such lien, levies and property respectively; in that, due to lack of procedural due process, (i.e., -a filing of libel before mesne process, mandated in the district courts of the United States, "In Admiralty," by the respondents/Libelants et al., therefore, Petitioners only redress in the premises is for the court to review this petition and make further inquiry into the acts of omission or commission by the respondents, by the judges of this court pursuant to Title 18 USC § 4,3, and 2.

3

(Doc. #2 at pp.14-15 (quoted without alteration or the use of [sic] to indicate errors in original).)

Mr. Bethurum asserts admiralty and maritime jurisdiction over his claims in this action. Pursuant to 28 U.S.C. § 1333(1), the Court has original jurisdiction, exclusive of the courts of the States, over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." Pursuant to 46 U.S.C. § 30101(a), "[t]he admiralty and maritime jurisdiction of the United States extends to and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land."

> [A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity. A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. [46 U.S.C. § 30101.] The connection test raises two issues. A court, first, must assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce. Second, a court must determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity.

**Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.**, 513 U.S. 527, 534 (1995) (some citations and internal quotation marks omitted); *see also In re Aramark Leisure Servs.*, 523 F.3d 1169, 1174 (10th Cir. 2008).

Even construing the Prisoner Complaint and other documents filed in this action liberally, Mr. Bethurum fails to allege any facts that implicate in any way the admiralty

and maritime jurisdiction of this Court. Mr. Bethurum's claims challenging the validity of his state criminal conviction do not implicate any tort that occurred on navigable waters or that were caused by a vessel on navigable waters. In addition, Mr. Bethurum fails to allege facts that demonstrate his state court criminal conviction for sexual assault on a child has a potentially disruptive impact on maritime commerce or a substantial relationship with traditional maritime activity. Therefore, the Court finds that Mr. Bethurum's claims in this action are legally frivolous. **See Neitzke**, 490 U.S. at 324.

Mr. Bethurum makes vague and conclusory references to alleged violations of the United States Constitution in the instant action. If Mr. Bethurum wishes to challenge the validity of his state court conviction in this Court on federal constitutional grounds, he must file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting state court remedies. **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973) (stating that "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). The Court notes that Mr. Bethurum previously has filed an application for a writ of habeas corpus in the District of Colorado that was dismissed for failure to exhaust state court remedies. **See Bethurum v. Zavaras**, No. 08-cv-00740-ZLW (D. Colo. June 16, 2008), **aff'd**, 352 F. App'x 260 (10th Cir. 2009). The Court will not construe the instant action as a habeas corpus action because Mr. Bethurum fails to identify clearly any constitutional claims he might intend to assert and he fails to allege specific facts in support of any constitutional claims. **See Mayle v. Felix**, 545 U.S. 644, 655 (2005) (noting that the habeas corpus pleading rules are more

demanding than Fed. R. Civ. P. 8(a)). The Court also makes no determination as to whether any habeas corpus action Mr. Bethurum may seek to file would be timely. **See** 28 U.S.C. § 2244(d). Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. It is

FURTHER ORDERED that the Motion to Compel Service of Summons (Doc. #17) and the "Voluntary Motion to Dismiss the Secretary of Treasury as Named Party and Combined Motion to Correct Caption Sheet to Reflect Wayne Bethurum II as (Real Property) as Reflected on Docket Sheet" (Doc. #22) are denied as moot.

DATED at Denver, Colorado, this 11th day of March, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  11-cv-00385-BNB

Wayne Bethurum
Prisoner No. 43861
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 11, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk