FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 22 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00385-LTB

WAYNE BETHURUM II (REAL PROPERTY),

    Plaintiff,

v.

AGENTS (A.G.) FOR THE STATE OF COLORADO,
13TH JUDICIAL DISTRICT COURT OF YUMA COUNTY OFFICES,
DISTRICT DIRECTOR OF COLORADO (GOVERNOR),
SPECIAL PROCEDURE FUNCTIONS OFFICER,
THE SECRETARY FOR THE STATE OF COLORADO, and
SECRETARY OF THE TREASURY,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Wayne Bethurum, has filed *pro se* on March 18, 2011, a "Motion to Rehear Petitioner/Claimant's Complaint and Review (Dismissal) Ordered March 11th 2011: and/or Request for (COA) with Objections Concerning Procedural Methods" (Doc. #27.) Mr. Bethurum asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on March 11, 2011. The Court must construe the motion to reconsider liberally because Mr. Bethurum is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. ***See*** Fed. R. Civ. P. 59(e). The Court will consider Mr. Bethurum's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. ***See Van Skiver***, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." ***Phelps v. Hamilton***, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." ***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. ***See id***.

Although the Prisoner Complaint and other documents Mr. Bethurum filed were generally unintelligible, the Court construed the documents liberally and discerned that Mr. Bethurum sought to invoke the Court's admiralty and maritime jurisdiction over claims challenging the validity of his Colorado state court conviction. The Court dismissed the instant action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Mr. Bethurum failed to allege any facts that implicate the Court's admiralty and

maritime jurisdiction. More specifically, Mr. Bethurum's claims challenging the validity of his state criminal conviction did not implicate any tort that occurred on navigable water or that was caused by a vessel on navigable water, and he failed to allege facts that demonstrate his state court criminal conviction for sexual assault on a child has a potentially disruptive impact on maritime commerce or a substantial relationship with traditional maritime activity. The Court noted that Mr. Bethurum also made conclusory references to violations of his constitutional rights and advised him that, to the extent he may wish to assert constitutional challenges to the validity of his state court conviction, he must file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Mr. Bethurum raises a number of procedural issues in the motion to reconsider and the Court will address each in turn. He first takes issue with the fact that he was required to use the Court's Prisoner Complaint pleading form in order to file this action. The Court's local rules require *pro se* prisoners to "use the forms established by this court to file an action." D.C.COLO.LCivR 8.2A.

Mr. Bethurum does not challenge his status as a state prisoner. It also is not clear why he believes he was prejudiced by the Court's local rule because the Court considered the substance of his claims, which were presented in a separate document and not in the Prisoner Complaint filed on February 14, 2011. Nevertheless, Mr. Bethurum apparently believes that he should not have had to use the Prisoner Complaint form because his claims do not raise any issues regarding the conditions of his confinement. This argument lacks merit because the Court considered and addressed the substance of Mr. Bethurum's claims. Furthermore, contrary to Mr. Bethurum's assertion in the motion to reconsider, the Court did not treat his claims in

this action as asserted pursuant to 42 U.S.C. § 1983. Most importantly, the Court remains convinced that the admiralty and maritime claims Mr. Bethurum raises challenging the validity of his state court conviction are legally frivolous regardless of what pleading form he uses to assert those claims.

In what appears to be a related argument, Mr. Bethurum contends that the Court lacks authority to review his claims prior to service of process because the Prison Litigation Reform Act is not applicable to the claims he asserts in this action and the entire filing fee was paid after he was granted leave to proceed *in forma pauperis*. These arguments lack merit because a prisoner who brings a civil action is required to pay the entire filing fee even if he is granted leave to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915(b)(1), and the Court is authorized to review and dismiss claims that are legally frivolous if a plaintiff is granted leave to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B)(i). The power to dismiss claims that is found in § 1915(e)(2)(B) is not limited to claims asserted by prisoners challenging the conditions of their confinement.

Finally, Mr. Bethurum argues that the Court cannot dismiss the instant action *sua sponte* because Magistrate Judge Boland did not enter a recommendation pursuant to 28 U.S.C. § 636. This argument lacks merit because nothing in § 636 requires entry of a recommendation before the Court may dismiss a complaint that is legally frivolous on its face.

Therefore, upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Bethurum fails to demonstrate some reason why the Court should

4

reconsider and vacate the order to dismiss this action and the motion to reconsider will be denied. Most importantly, Mr. Bethurum does not present any reasoned argument to demonstrate that the admiralty and maritime claims he asserts in this action are not legally frivolous. Mr. Bethurum's alternative request for a certificate of appealability also will be denied because no certificate of appealability is necessary in order to file a notice of appeal from the order dismissing this action. *See* 28 U.S.C. § 2253. Accordingly, it is

ORDERED that the motion to reconsider (Doc. #27) filed on March 18, 2011, is denied.

DATED at Denver, Colorado, this __22nd__ day of ___March___, 2011.

BY THE COURT:

__s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00385-BNB

Wayne Bethurum
Prisoner No. 43861
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on March 22, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk